THE PEOPLE, RESPONDENT, *v.* GESTERA, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 510.—Decided January 22, 1913.

CRIMINAL LAW—SANITARY REGULATIONS—RAT-PROOFING HOUSES—INFORMATION, INSUFFICIENT.—The information is insufficient because it does not state that the house of the accused was a dwelling with the ground floor of wood, and this allegation is necessary in order that this court may conclude that the accused was obliged to perform the work ordered by the Director of Sanitation. Decided on the grounds set forth in Case No. 496, *The People* v. *Blanco,* 18 P. R. R., 980.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The pertinent part of the information which originated this case reads as follows:

"The *fiscal* files this information against Teótimo Gestera for the violation of Sanitary Regulation No. 3 governing the construction and rat-proofing of buildings and their outhouses promulgated according to law on July 15, 1912, thereby committing a misdemeanor

as follows: The said Teótimo Gestera, on or about August 7, 1912, in Puerta de Tierra, which forms part of the judicial district of San Juan, was served by Sanitary Inspector J. A. Torres with an order of the Director of Sanitation directing him to make the following repairs to his house on San Agustín Street marked by the Board of Health with No. 27, District 21, within two days from the date of said notice: .To raise the floor to a height of two feet above the ground or to surround it by a foundation wall of concrete extending from two feet below the surface of the ground to the floor and fitting perfectly with said floor. And the said Teótimo Gestera unlawfully and wilfully allowed the time given him to elapse without making the repairs ordered, nor has he made any of them up to this date."

The defendant, Gestera, was convicted by the District Court of San Juan, Section 2, on this charge and sentenced to pay a fine of $25, or in default thereof to be imprisoned in jail one day for each dollar not paid.

Gestera appealed to this court and the hearing took place on January 15, 1913, the *fiscal* being the only party appearing.

A simple perusal of the information leads us to the conclusion that this case should be disposed of in accordance with the doctrine established by this court in the case of *The People* v. *Blanco,* 18 P. R. R., 980, and followed in the cases of *The People* v. *Gestera, ante* p. 7, and *The People* v. *Gestera, ante* p. 17.

The information should have set out the facts constituting the violation of law charged. That is the ground upon which the case rests. If the charges are denied testimony is then offered to prove them, and if they are proven a judgment of conviction is rendered.

In the case at bar the defendant was sentenced to imprisonment for not complying with an order of the Director of Sanitation, and the information fails to set out the grounds necessary to establish the fact that the defendant was under the obligation of carrying out the orders given him. To make the information complete it was necessary to state

that the house of the defendant was a dwelling house with the floor of the lower story of wood.

It may be that, as a matter of fact, the house in question is a dwelling house with the floor of the lower story of wood and that therefore the order was legally issued, but if that were the case said fact should have been set out expressly in the information in accordance with law and the established jurisprudence of the courts.

No such allegations having been made in this court we are compelled to hold that inasmuch as the information which is the basis of the action failed to allege that the defendant was under the obligation to make the repairs ordered the conclusion cannot possibly be reached that a violation of law has been committed. And if the law has not been violated a judgment of conviction is not valid.

The appeal is sustained and the judgment appealed from, reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and Aldrey concurred.

Mr. Justice Wolf did not take part in the decision of this case.